**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KAMEON VANKEIS AARON,
ADC #129521**                                                                                               **PLAINTIFF**

V.                              NO 5:12CV00197 DPM-BD

**JAMES BANKS,** *et al.*                                                                            **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.  **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.     Discussion:**

Plaintiff Kameon Aaron, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. In his complaint, Mr. Aaron alleges that, while he was held at the Varner Unit of the ADC, some of his meals were served on unsanitary meal trays. According to allegations in the complaint, the tainted trays resulted in food poisoning, a condition that caused him abdominal pain. He also claims that the Defendants retaliated against him after he complained about the meal trays.

Defendants have now moved for summary judgment on all of Mr. Aaron's claims. (Docket entry #36)  They argue that: Mr. Aaron failed to exhaust his administrative remedies with regard to his retaliation claim; Defendants Clark and Banks cannot be held liable based on their supervisory positions within the ADC; Mr. Aaron's Eighth Amendment claims fail as a matter of law; Defendants are entitled to sovereign immunity in their official capacities; and Defendants are entitled to qualified immunity. Mr. Aaron has not responded to the Defendants' motion, and the time for responding has passed.

The Court recommends that the Defendants' motion for summary judgment (#36) be GRANTED. Mr. Aaron's retaliation claim should be DISMISSED, without prejudice,

Case 5:12-cv-00197-DPM   Document 41   Filed 10/22/13   Page 3 of 8

based on his failure to exhaust administrative remedies. His Eighth Amendment claim should be DISMISSED with prejudice.[1]

### III. Discussion:

#### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond with specific facts that are genuinely disputed. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When a plaintiff does not come forward with enough evidence to establish a necessary element of his claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

#### B. Sovereign Immunity

Mr. Aaron's claims for money damages from the Defendants in their official capacities are barred, of course, by sovereign immunity. A civil litigant cannot recover

---

[1] Because Mr. Aaron has failed to state a deliberate-indifference claim, as a matter of law, the Court will not address the Defendants' qualified-immunity argument in this Recommendation.

3

money damages from state actors sued in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  Official-capacity claims against the Defendants for money damages should be dismissed based on sovereign immunity.

 C. Exhaustion

It is settled law that prisoners must exhaust available administrative remedies before turning to the courts.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  As a general rule, a court is obliged to dismiss all claims that were not fully exhausted before the lawsuit was filed.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their motion, the Defendants offer the affidavit of Barbara Williams, the ADC Grievance Supervisor.  (#36-2)  Ms. Williams testifies that Mr. Aaron did not appeal any grievances containing allegations of retaliation.

Mr. Aaron has not come forward with any evidence showing either that he fully exhausted his administrative remedies or that he was prevented from exhausting with regard to his retaliation claim.  Accordingly, Mr. Aaron's retaliation claims should be dismissed, without prejudice.

The Defendants deny Mr. Aaron's allegation that his food was served on tainted food trays, but they do not contest the fact that Mr. Aaron exhausted these deliberate-indifference claims.

      D.     Respondeat Superior - Defendants Clark and Banks

Defendants argue that Mr. Aaron's claims against Defendants Clark and Banks fail because he does not allege, nor has he presented any evidence, that Defendants Clark and Banks were involved in the preparation of the tainted food trays or that they were aware the food trays were dangerously dirty.  This contention is somewhat misleading.

Mr. Aaron does allege that Defendant Clark, as kitchen supervisor, and Defendant Banks, as Warden of the Varner Supermax Unit, failed to properly supervise ADC employees who were responsible for food preparation and service.  It is true that in a § 1983 action, supervisors cannot be held liable for constitutional violations of those they supervise based solely on their role as supervisors.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).  A prison supervisor can be held liable, however, for failing to supervise subordinates.

A failure-to-supervise claim requires a showing that the prisoner supervisor: "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts;  (3) failed to take sufficient remedial action; and  (4) that such failure proximately caused the injury." *Parrish*, 594 F.3d at 1002.  In his verified complaint, Mr. Aaron states that he informed "staff" and "security" about the alleged unsanitary conditions.  He also claims that Warden Banks "enhanced" the unsanitary conditions, and that Defendant Clark "knew of, and did nothing to curb[,] the unsanitary and poorly prepared food."  (#2 at p.6)

Based on these verified statements, summary judgment in favor of Defendants Clark and Banks should not be based on their lack of personal involvement. Nonetheless, these Defendants, along with other Defendants, are entitled to summary judgment on Mr. Aaron's deliberate-indifference claims based on the lack of evidence to support them.

E.   Deliberate Indifference

According to the undisputed evidence provided by the Defendants in support of their motion, Mr. Aaron was seen only twice in the infirmary prior to February 28, 2012, the date that he filed a formal grievance regarding the events giving rise to this lawsuit. On January 10, 2012, Mr. Aaron was seen for follow-up care resulting from a previous accident at another ADC unit. (#39 at p.29)  On February 7, 2012, he was seen in the infirmary for continuing hip pain. (#39 at p.28)  During that visit, Mr. Aaron also complained of epigastric pain. Medical personnel attributed his pain to reflux disease. Mr. Aaron was given an antacid, which reportedly provided some relief. (#39 at p.28)

In March 2012 (after Mr. Aaron filed his formal grievance about the food trays), Mr. Aaron was again seen by ADC medical staff for hip complaints. During that visit, Mr. Aaron complained that he had vomited after eating breakfast and was suffering from chest pain. He attributed these symptoms to a runny nose and acid reflux. (#39 at p.27)

According to Mr. Aaron's medical records, after he filed this lawsuit, he was treated for chronic stomach pain. Mr. Aaron indicated, however, that the pain "[had] no

relationship to meals." (#39 at p.25)  In addition, it appears that Mr. Aaron also was treated for acid reflux after filing this lawsuit.  (#39 at p.21)

In order to state a deliberate-indifference claim, Mr. Aaron must prove that he was incarcerated under conditions posing a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  He must also show that officers "both knew of and disregarded an excessive risk to [his] health and safety."  *Holden v. Hirner*, 663 F.3d 326, 341 (8th Cir. 2011).  Deliberately indifferent conduct is, "akin to criminal recklessness, which demands more than negligent misconduct."  *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Here, Mr. Aaron never complained of, nor was he treated for, symptoms related to food poisoning in January or February of 2012.  Thus, no reasonable fact-finder could conclude that Mr. Aaron was exposed to a substantial risk of serious harm by being served food on unsanitary trays.

Moreover, Mr. Aaron has failed to present any evidence to support his allegations that the named Defendants were aware of a risk of serious harm from unsanitary food trays.  Because he has not come forward with evidence, Mr. Aaron has failed to create a genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law on Mr. Aaron's deliberate-indifference claims.

IV.    **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#36) be GRANTED.  All official-capacity claims should be dismissed based on sovereign immunity.  Mr. Aaron's retaliation claim should be DISMISSED, without prejudice, based on his failure to exhaust administrative remedies.  His Eighth Amendment claims should be DISMISSED, with prejudice, because there is insufficient evidence to create a genuine dispute on these claims.

DATED this 22nd day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE